[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband, 61, and the defendant wife, 63, whose birth name is Staphopoulos, married on October 7, 1967 in Montreal, Canada. The Plaintiff had been a resident of Connecticut for a year immediately prior to commencing this action for dissolution of marriage thereby providing jurisdiction to this court. There are no minor children. For many years the parties worked together as a partnership in conducting John's Pizza located in Stamford. They each currently own a 25% interest in the business. They purchased a shopping center located at 111-127 Gulf Street/168 New Haven Avenue, Milford, Connecticut. For several years the plaintiff operated Olympic Donuts in one of the stores in the shopping center until he sold it, sharing the proceeds with the defendant. He also operated Sparta Pizza in the shopping center until it was sold. They agree the shopping center has a fair market value of $575,000. They purchased their first home located at 32 Dean Street, Stamford which they agree is now worth $370,000. Both properties are mortgage free.
They purchased and moved to 19 Hazelwood Lane, Stamford, still occupied by the defendant, which they agree has an equity of $199,000 over a mortgage balance of $166,000. They also stipulated to the following values:
 Florida vacant lot $10,000 Charles Schwab account of defendant $ 7,000 Fleet Bank account of defendant $20,500 Patriot Bank account of plaintiff $21,729 Plaintiff's life insurance cash value $38,902 Investacorp brokerage account of plaintiff $46,000
They also each own 25% of the business known as John's Pizza located in Stamford, Connecticut which they have operated for the past 30 years.
An area of disagreement exists due to the way the Social Security taxes were reported from 1970 through 1994. Except for 1982, 1989 and 1994 when no earnings were reported for either party all the earnings were CT Page 15941-cj attributed to the plaintiff. Consequently, although the parties were equal partners during all years the retirement payment to the plaintiff at age 65 is projected to be $1,154 (Defendant's Exhibit C) while the projected payment to the defendant at said age is projected to be $689 (Defendant's Exhibit B). When the defendant discovered the situation the reported earnings since 1995 have been divided equally and so reported. The court accepts the defendant's version that the unequal reporting between 1970 and 1994 was done without her knowledge. At age 62 the plaintiff's projected monthly check is about $857 and the defendant's projected monthly check is about $532. The benefit is paid for each month you survive after you apply for benefits. No mortality table is in evidence nor was any other expert testimony introduced on which the court could conclude what the potential future loss to the defendant may be. However, the court will take this situation into consideration in ordering the division of assets.
The plaintiff has been spending extensive time in Greece during the past several years, on one occasion staying for 14 months, leaving the defendant to manage their business interests. This is also being taken into consideration in ordering the division of assets.
Another area of disagreement is the extent and value of assets each has in Greece. Although each asserts a value of $12,000 for the assets each holds in Greece the court cannot speculate because of the paucity of credible evidence and therefore will make no finding of values and will make no orders concerning same.
The parties entered into a written stipulation providing that $3,000 monthly be deposited into the plaintiff's bank account as his share of the rental income which was entered as a temporary order by the court on October 5, 1998. There is no arrearage and the order terminates upon the entry of judgment.
Having reviewed the evidence in light of relevant statutes and case law the court enters the following decree.
 1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown. Each party is declared to be unmarried.
 2. The plaintiff is awarded as his sole property, free and clear of any claim by the defendant, 32 Dean Street, Stamford, Connecticut, the Florida vacant lot, his Patriot Bank account, his life insurance CT Page 15941-ck policy containing $38,902 cash value, his Investacorp brokerage account, his 1990 Lincoln Town Car and a bank account not otherwise identified containing $1,700.
 3. The defendant is awarded as her sole property, free and clear of any claim by the plaintiff, 19 Hazelwood Lane, Stamford, Connecticut together with the contents therein. She shall assume the mortgage balance and hold the plaintiff harmless and indemnified from any claim by the mortgage holder.
 4. The defendant is awarded the plaintiff's interest in the Milford, Connecticut shopping center. She shall give the plaintiff a mortgage note and deed in the principal amount of $125,000 with interest at 6%, amortized at a 20 year payoff but due in full after 10 years, containing the usual clauses of a commercial lease including a grace period of 15 days. Either party may move the court for articulation of this order if a dispute arises concerning compliance with this order.
 5. The defendant is awarded as her sole property, free and clear of any claim by the plaintiff, her Fleet Bank account, her 1998 Volvo, her IRA account listed as containing $5,200 and her Charles Schwab account.
6. No periodic alimony is awarded to either party.
 7. The parties shall continue to own their respective interests in John's Pizza.
HARRIGAN, J.T.R.